Adam Atkins
4628 Wellesley Ave
#523
Fort Worth, TX 76107
Telephone: 682-231-0640
wpuser@startmail.com
Plaintiff, in Proper Person

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2020 JAN 21 PM 12: 12

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Adam Atkins,<br>*Plaintiff,*<br><br>v.<br><br>Fort Worth Police Department,<br>*Defendant,* | §<br>§<br>§<br>§<br>§  NO. **4-20CV-054-P**<br>§<br>§<br>§<br>§ |

**COMPLAINT**

I.  **PARTIES**

1. Plaintiff, Adam Atkins, (hereinafter "Plaintiff", "I", or "Adam Atkins") is an individual who is currently, and was at all relevant times herein, a resident of the State of Texas, County of Tarrant, City of Fort Worth.

2. Defendant, Fort Worth Police Department, is a government agency in the State of Texas,
   Police Administration
   Bob Bolen Public Safety Complex
   505 W. Felix St.
   Fort Worth, TX 76115

3. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to defendants, individually or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of any law enforcement or government agency.

Page 1 of 5

## II. FACTS

1. Plaintiff, with an existing disability, was assaulted by Brian Baldwin at Calmont Place Apartments, 8700 Calmont Avenue, Fort Worth, TX 76116, with Baldwin being aware of such disability. Plaintiff was struck in the head and face with sufficient force to result in noticeable cognitive impairment, lacerations to the face, and a split lip. Plaintiff also claims to have PTSD from similar childhood abuse from father, who also struck Plaintiff in the head. Baldwin is aware of the fact that Plaintiff suffered long-term and ongoing psychological damages from various abuses as a minor, including sexual abuse.

2. Defendant had acted on multiple occasions, including the arresting officer, in a manner which would suggest concealment of evidence related to the case.
    a. Repeated refusal to obtain surveillance records from apartment management: arresting officer falsely claimed that police had no power to obtain such records. Plaintiff asserted that Baldwin struck first and Plaintiff struck back. After Baldwin initiated the assault, the fight expanded into Baldwin's apartment while his door was open.
    b. When booked in the jail, all individuals are required to undergo a physical exam. This was not done for Plaintiff, who asserts that injuries were caused by Baldwin, and that Defendant may have had motive to conceal such evidence unfavourable to Baldwin
    c. In or about spring of 2019, Plaintiff made a previous complaint to the Defendant regarding Baldwin, who Plaintiff alleged had threatened violence previously. Officers refused to take a report, in violation of procedure, stating that "there was no violation". This procedural violation is being argued by Plaintiff as an earlier example of concealment of evidence. There are also elevated penalties for such offences against an elderly or disabled person. (Texas Penal Code Title V, Chapter 22)
    d. Plaintiff asserts that motives for concealment of evidence include disability discrimination and possible conflicts of interest, as addressed in (e)
    e. Due to repeated refusals to take any evidence unfavourable to Baldwin nor his personal connections, Plaintiff argues that Defendant was not neutral and was de facto acting in the interests of or as agent of the opposing parties.

3. Arresting officer had admitted that Plaintiff was not fully cognitively aware when the incident had taken place, describing the Plaintiff as having "tunnel vision", which police are trained to be aware of, and acknowledged reduced mental functioning from trauma to the head. In these particular cases, for example, a case the Plaintiff was involved in in 2015,

where Plaintiff was living in a group home and was punched in the face while sleeping, the officers ruled that the individual was not "culpable" due to his altered state of consciousness, as the assailant showed signs of not being fully aware. Arresting officer described an altered state of consciousness, referring to his training. Due to this, a psychiatric commitment would have been appropriate action.

4. Plaintiff acknowledges and swears to not being fully aware when the incident took place, agreeing with the arresting officer's statement. Plaintiff asserts a pre-existing psychiatric disability and that psychosis was experienced upon the first blows to the head.

5. Arresting officer and police department refused to file counter-charges on the individuals involved on the day of the incident. Plaintiff had to request assistance from his special needs paralegal to argue with the Defendant in order to be allowed to file such charges and speak with a detective. The paralegal reported that the Defendant resisted. While the defendant then allowed Plaintiff and his paralegal to speak with a detective, this detective did not return calls to Plaintiff in a timely manner or treat this case with priority. This constitutes inequity, selective enforcement, and is a further sign of conflict of interest or bias, as the Defendant respected the right of Baldwin to file charges on the spot. Plaintiff was provided with a line-up and picked Brian Baldwin. Defendant claimed to be awaiting Baldwin to return phone calls. Defendant continues to resist Plaintiff in filing counter-charges.

6. Arresting officer acknowledged that Baldwin had assaulted Plaintiff before the alleged entry into Baldwin's apartment, however, continued claiming that Baldwin "had the right" to strike Plaintiff in the head for alleged remarks made near his door, however, on the public walkway. Plaintiff swears that Baldwin initiated the assault on the public walkway. This evidence was concealed as mentioned in (2).

7. Arresting officer refused to file charges against another man who threatened Plaintiff with a knife, claiming that the man "had the right" to do so in order to defend Baldwin from Plaintiff's alleged assault. However, Plaintiff did not use any weapons against Baldwin. Plaintiff asserts that this is "clear evidence" that the officer was non-objective and acted de facto in the interests of the opposing parties, especially considering the nature of the offence. (Texas Penal Code § 22.02)

8. Arresting officer refused to file charges against another man who spit on the open lacerations Plaintiff had on his face. While acknowledging that it was "assault by offensive contact", arresting officer continued to refuse to file charges. The same man would also masturbate in the presence of Plaintiff. These grievances were addressed with a detective, as addressed in (5).

9. The repeated refusal to file charges by the arresting officer (Graves) is being argued by Plaintiff in (5-8) as related to the concealment of evidence in (2). Arresting officer repeatedly stated he is going by the multiple witnesses, who happen to be personal connections to Baldwin.

10. Plaintiff was a victim of a hate crime under the Texas Hate Crimes Act (411.046). Evidence was concealed by Defendant.

11. Arresting officer's statement contains inherent falsities, in his claims that due to the fact that words were exchanged, Plaintiff initiated "mutual combat" and that Baldwin would only receive a ticket at most. However, Baldwin and a "friend" (accomplice, apartment 19, name unknown) also made remarks intending to provoke a fight with Plaintiff, including making remarks about Plaintiff's body parts. Baldwin urged Plaintiff to enter his apartment when his door was open and "bring it on", after making such remarks with his accomplice. Additionally, this accomplice allowed Baldwin to strike Plaintiff but prevented Plaintiff from striking back in self-defence.

12. Baldwin and his accomplice in apartment 19 (name unknown) would also joke together about knocking Plaintiff unconscious and performing sexual acts.

13. Additionally, arresting officer failed to read rights to Plaintiff, and, upon arrest, failed to tell Plaintiff what he was being arrested for. Arresting officer applied handcuffs first, then Plaintiff asked what he was under arrest for. Furthermore, arresting officer engaged Plaintiff in conversation, then long into the conversation, later told Plaintiff sarcastically "Uh, do you realise that everything you say can be used against you?"

### III.   CLAIMS FOR RELIEF

A. **Texas Hate Crimes Act (411.046, Texas Government Code)**

B. **Texas Tort Claims Act (42 U.S. Code § 1983)**

### IV.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

1. Up to $100,000 in damages

2. For review of charges and full expungement of arrest records accordingly, in addition to efforts to locate any online copies of such arrest records which may be found by employers or other individuals, or contact any individuals who may have spread copies of such records
3. To allow Plaintiff to file counter-charges against involved individuals, including defamation against parties responsible for spreading records of arrest which Defendant, per circumstantial evidence, Plaintiff argues was false
4. For Defendant to give a formal apology statement in the presence of all individuals known to be aware of this arrest
5. For such other and further relief as this court deems just and equitable.

DATED this ___ day of Month, YYYY

_____
Adam Atkins
4628 Wellesley Ave
#523
Fort Worth, TX 76107
682-231-0640
wpuser@startmail.com
Plaintiff, in Proper Person